# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BANKERS INSURANCE COMPANY** | **CIVIL ACTION NO.** |
| | **JUDGE:** |
| **VERSUS** | **MAGISTRATE:** |
| **BRADLEY EGENBERG AND EGENBERG, APLC** | |

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Bankers Insurance Company, which, for purposes of seeking a Declaratory Judgment pursuant to 28 U.S.C. § 2201, respectfully represents the following:

I.

Plaintiff, Bankers Insurance Company (hereinafter "Bankers"), is a foreign insurance company authorized to conduct business in the State of Louisiana.

II.

Made defendants herein are:

1.  **BRADLEY EGENBERG**, a person of full age of majority and resident of the Parish of Orleans.

2.  **EGENBERG, APLC**, a Louisiana corporation, domiciled in the Parish of Orleans and authorized to do and doing business in the State of Louisiana

III.

This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because it is facially apparent from the allegations, the nature of the claims asserted and the type of damages sought against under Louisiana law that the amount in controversy exceeds the sum of $ 75,000.00, exclusive of interest and costs.

IV.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391 because the defendants reside within this judicial district.

V.

Bankers has received a Petition for Damages filed on June 28, 2019 by Erie Thonn against Bradley Egenberg and Egenberg, APLC (collectively referred to herein as "Egenberg") in the Civil District Court for the Parish of Orleans, bearing Docket Number 2019-06844, Division L-06 (hereinafter referred to as "the Thonn Suit" and attached as Exhibit "A").

VI.

In the Thonn Suit, Erie Thonn is seeking damages against her former employer, Egenberg, in connection with allegations of defamation, unlawful conduct, sexual assault/abuse, retaliation and wrongful discharge of her employment.

VII.

After refusing to participate in certain alleged unlawful activities, Thonn claims that Egenberg retaliated against her by falsely accusing her of theft and thereafter wrongfully terminating her employment.  As a result her alleged wrongful termination, Thonn is seeking damages for mental pain and suffering, lost income and loss of earning capacity.

VIII.

Thonn further alleges that Egenberg defamed her by falsely accusing her of theft when he knew that was not true. She claims that Egenberg "published this statement to third parties, including but not limited to other employees in the office, the Louisiana Workforce Commission, as well as to Ms. Thonn's current employer."  As a result of Egenberg's alleged defamatory conduct, Thonn claims she was prevented from securing employment and is seeking damages for mental pain and suffering, loss of income, loss of earning capacity and injury to her reputation.

IX.

The Thonn Suit also alleges that Egenberg sexually assaulted her on December 13, 2018 while he "was highly intoxicated" at his office during the work day.  Thonn claims that Egenberg called her into his office to give her a bonus check and after she was handed a gift box, he pulled her towards him, attempted to kiss her then groped her breast.

X.

Ultimately, Thonn is seeking damages for past and future physical pain and suffering, past and future mental pain and suffering, mental anguish, past and future loss of income and loss of earning capacity, loss of enjoyment of life, damage to reputation, attorney's fees, and costs.

XI.

Bankers issued to Egenberg a business owners general liability insurance policy, Policy No. 170004920675304, which was in effect during the relevant dates of loss alleged by Thonn, (hereinafter referred to as "the Policy" and attached as Exhibit "B").

XII.

As a result of the allegations and damages asserted in the Thonn Suit, Egenberg has demanded and will continue to demand indemnity, defense and insurance coverage from Bankers under the Policy.

XIII.

The Policy provides the following limits of insurance: each occurrence limit: $1 million; medical expense limit: $10,000 (per person); personal and advertising injury limit: EXCLUDED; general aggregate limit: $2 million; and products completed operations aggregate limit: $2 million. Exhibit A.

XIV.

The Policy provides the following:

**SECTION II – LIABILITY**

**A.      Coverages**

**1.      Paragraph A.1.a. Business Liability Coverages is replaced by the following:**

> **1.      Business Liability**
>
> **a.**      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" if all of the allegations of the "suit" are explicitly

excluded by this insurance…

**b.**     This insurance applies:

**(1)**     The "bodily injury" or "property damage" only if:

(a) The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(b) The "bodily injury" or "property damage" occurs during the policy period…

XV.

The Policy also contains the following exclusions:

**B.     Exclusions**

**1.     Applicable To Business Liability Coverage**

This insurance does not apply to:

**a.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**e.     Employer's Liability**

"Bodily Injury" to:

(1) An "employee" of the insured arising out of and in the course of:
   (a)     Employment by the insured; or
   (b)     Performing duties related to the conduct of the insured's business..

\*\*\*

This exclusion applies:

(1)     Whether the insured may be liable as an employer or in any other capacity; and

(2)     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract."

XVI.

The Policy also includes the below "Assault, Battery and Sexual Abuse Exclusion" manuscript endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ASSAULT, BATTERY AND SEXUAL ABUSE EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESS OWNERS COVERAGE FORM

The following is added to SECTION II – LIABILITY, B. Exclusions:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury", medical payments or any other damages directly or indirectly because of, arising out of, related to or in any other way connected to actual, threatened or attempted:

a.     physical abuse, physical assault, physical battery, physical molestation, habitual neglect; or

b.     sexual abuse, sexual assault, sexual battery, sexual molestation; or

c.     licentious, amoral, immoral or similar behavior;

that was committed or alleged to have been committed by the insured, their "employees", any person acting on behalf of the insured, customers, patrons, guests or any other person on the insured's premises.

This exclusion applies to all causes of action arising out of any of the acts enumerated above, including but not limited to:

a.     allegations of negligent hiring, placement or training of employees

b.     improper or non-existent supervision of employees, patrons or

guests;

c.     negligence in failing to protect customers, patrons or guests.

d.     error or omissions relating to any of the above mentioned acts.

In addition, this exclusion applies regardless of whether the acts enumerated above were committed intentionally, negligently, inadvertently, or with the belief, erroneous or otherwise, that the other party consented and had the legal and mental capacity to consent thereto.

This exclusion applies regardless of whether or not the insured, their "employees", any person acting on behalf of insured, customers, patrons or guests, are actually charged with or convicted of a crime.

BB0P99.236 0308 0411

## XVII.

The "Assault, Battery and Sexual Abuse" exclusion states that insurance coverage is not afforded for "bodily injury" or "property damage" pertaining to any of the following: (1) physical abuse, physical assault, physical battery, physical molestation, habitual neglect; or (2) sexual abuse, sexual assault, sexual battery, sexual molestation; or (3) licentious, amoral, immoral or similar behavior.

## XVIII.

The Bankers Policy also contains the following "Employment-Related Practices Exclusion" manuscript endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EMPLOYMENT – RELATED PRACTICES EXCLUSION**

This endorsement modifies insurance provided under the following:

BUSINESS OWNERS COVERAGE FORM

The following exclusion is added to Paragraph **B. Exclusions in Section II – Liability:**

This insurance does not apply to:

1. "Bodily injury" or "personal and advertising injury" to:

a.      A person arising out of any:

      (1)     Refusal to employ that person;
      (2)     Termination of that person's employment; or
      (3)     Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

***

2.      This exclusion applies:

a.      Whether the insured may be liable as an employer or in any other capacity; and
b.      To any obligation to share damages with or repay someone else who must pay damages because of the injury.

BP 041707020411

IX.

The "Employment-Related Practices" exclusion precludes insurance coverage for "bodily injury" to a person arising out of any termination of that person's employment.

XX.

Bankers asserts that there is no insurance coverage under the Policy for any of the allegations and damages sought in the Thonn Petition against Bradley Egenberg and Egenberg, APLC.

XXI.

Therefore, under the Federal Declaratory Judgment Act, Bankers respectfully submits that this Honorable Court should resolve any and all coverage issues prior to any litigation being filed against it, and prior to any judgment rendered against its insured.

**WHEREFORE**, Bankers prays for leave to file this Complaint for Declaratory Judgment, that it be served upon defendants, and that this Honorable Court declare that Bankers Policy No. 170004920675304 does not afford insurance coverage for the matters alleged in the Thonn Petition and the claim asserted by defendants, and that no indemnity, defense or insurance coverage is owed by Bankers to defendants with respect to the attached Policy, and for any and all other relief as equity and the justice of this cause may require.

Respectfully submitted,

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH, APLC**

 */s/ C. Bowman Fetzer, Jr.*
**JAMES A. PRATHER (#20595) (T.A.)**
**C. BOWMAN FETZER, JR. (#34541)**
3 Sanctuary Boulevard, Third Floor
Mandeville, Louisiana 70471
Telephone:  985-674-6680
Facsimile:  985-674-6681
***Counsel for Defendants***