UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BANKERS INSURANCE COMPANY | * | CIVIL ACTION |
| VERSUS | * | NO. 19-13129 |
| BRADLEY EGENBERG ET AL. | * | SECTION S (2) |

### ORDER AND REASONS

Before me is a Motion for Contempt and to Compel Compliance with Deposition Subpoena Pursuant to Fed. R. Civ. P. 45 filed by Plaintiff Bankers Insurance Company against then non-party/now intervenor Erie Thonn seeking an Order holding Thonn in contempt for failure to appear at her scheduled deposition and compelling her to appear for deposition. ECF No. 22. Thonn opposes the motion, arguing essentially the same facts supporting her Motion to Quash. ECF No. 25. The issues raised by Plaintiff's motion are also implicated by Thonn's Motion to Quash. ECF No. 20.[1] Based on the consent of counsel during oral argument, since the Motion to Quash is related to the current motion, I will address both motions at this time.

Having considered the record, the applicable law, written submissions and argument of counsel, IT IS ORDERED that Thonn's Motion to Quash is DENIED IN PART AND GRANTED IN PART, Plaintiff's Motion for Contempt is DENIED, and Plaintiff's Motion to Compel is DENIED IN PART AND GRANTED IN PART as follows.

### I.    FACTUAL BACKGROUND

Plaintiff Bankers Insurance Company ("Bankers") filed this declaratory judgment case on October 14, 2019, seeking a determination of whether its general liability insurance policy covers its insured Egenberg, APLC for the claims of defamation, sexual assault/abuse, retaliation and

---

[1] Notably, none of the parties complied with Fed. R. Civ. P. 26(c)(1), 37(a)(1), or 37(d)(1)(B), which require the parties to confer, in good faith, in an attempt to resolve disputes such as these before filing a motion with the Court.

wrongful discharge asserted by Erie Thonn in her Petition for Damages filed on June 28, 2019, in Civil District Court for the Parish of Orleans under Docket No. 2019-06844, Div. L-06.  ECF No. 1.  Approximately two weeks after Bankers filed this declaratory judgment action, Thonn filed an Amended Petition in her state court proceeding adding Bankers as a defendant.  ECF No. 17-3, ¶ XXIV, at 8.  This court entered a Scheduling Order in the captioned declaratory judgment action on January 14, 2020, establishing an August 7, 2020, discovery deadline and an August 12, 2020, motion deadline.  ECF No. 15, at 2.

On June 25, 2020, Plaintiff tendered the required witness fee and served then non-party Erie Thonn[2] with a Notice of Deposition seeking to depose her on July 17, 2020, at 10:00 a.m. ECF No. 22-3.  When Thonn's counsel notified Plaintiff's counsel that she was not available on July 17, 2020, Plaintiff's counsel requested alternate dates by July 1, 2020 given the August 7, 2020, discovery deadline in this court's Scheduling Order.  ECF No. 22-1, at 1-2.  Rather  than provide alternate dates, Thonn filed a Motion to Quash on July 13, 2020.  *Id*. at 2; ECF No. 20. Thonn did not seek expedited hearing or set the Motion to Quash on the court's next available hearing dates.  Instead, she noticed it for submission on August 19, 2020.  ECF No. 20-2.

In her Motion to Quash, Thonn argues that her deposition is not proper because (a) Thonn has filed a Motion to Dismiss based on abstention and should not be deposed until the court has resolved her pending motion to dismiss, and (b) plaintiff scheduled the deposition without notice to, or consultation with, Thonn's counsel even though counsel was aware that Thonn is represented by counsel in the parallel state court proceeding on these same issues.  ECF No. 20-1, at 1-2.

Plaintiff proceeded with the July 17, 2020 deposition, but Thonn did not appear.  ECF No. 22-7.  Plaintiff then filed this Motion for Contempt and to Compel Compliance with Deposition

---

[2] Thonn filed a Motion to Intervene in this matter on June 29, 2020.  ECF No. 17.  Although Thonn filed the motion as a contested matter, there was no opposition, and intervention was granted on July 17, 2020.  ECF No. 21.

Subpoena Pursuant to Fed. R. Civ. P. 45 (ECF No. 22) and sought expedited hearing regarding same given the August 7, 2020, discovery deadline.  ECF No. 23.  Thonn opposed the motion for the same reasons articulated in her Motion to Quash.  ECF No. 25, at 1-3.  In addition, Thonn argued that "there is no federal law that would allow a court to hold an individual in contempt for failing to comply with a subpoena where, as here, a Motion to Quash was filed . . . [and] the only federal courts addressing this issue have resoundingly (and unsurprisingly) found that a party need not comply with a subpoena that is the subject of a Motion to Quash."  ECF No. 25, at 4 (citing *Amtrust v. North America, Inc. v. Safebuilt Servs. Ins*., No. 16-0145, 2016 U.S. Dist. Lexis 134879 (E.D. Cal. 9/28/16)).

## II.    ANALYSIS

### A.    Plaintiff's Motion for Contempt

Under Federal Rule of Civil Procedure 45, a party may serve a subpoena that commands a nonparty to whom it is directed to, among other things, attend and testify in a deposition at a specified time and place.  A party may suspend the obligation to comply with a subpoena by timely filing written objections or a motion to quash. Fed. R. Civ. P. 45(d)(2)(B)(ii); 45(d)(3).  "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A).  The moving party has the burden of proof.[3]

The mere act of filing a motion to quash or motion for a protective order, however, does not relieve a party of the duty to appear.  The party is obliged to appear until some order of the

---

[3] *See Wiwa v. Royal Dutch Petroleum Co*., 392 F.3d 812, 818 (5th Cir. 2004).

court excuses attendance.[4]   Failure to appear, even with a pending Motion to Quash, is not substantially justified and does not excuse a party's non-appearance for a properly noticed deposition.[5]   As the Fifth Circuit expressly stated:  "A motion to quash must be not only made but *granted* before the scheduled deposition to excuse compliance.[6]   Thonn received timely notice of the deposition, yet she did not file a motion for a protective order and seek expedited hearing on same prior to the deposition date.   Accordingly, contrary to Thonn's arguments and the cited district court decision from another circuit, her mere filing of a motion to quash did not excuse her non-compliance with a subpoena.

At the time of the non-compliance, however, Thonn's Motion to Intervene had not yet been granted.   Therefore, Thonn should be considered a non-party rather than a party, even though she is now a party.   The law is far from settled on whether Rule 37(d) applies to a non-party witness because Rule 37(d), by its terms, is limited to providing for sanctions for the nonappearance of a party, a party's officer, director, or managing agent, or a person designated under Rule 30(b) (6) or 31(a)(4).[7]   Accordingly, Rule 45(d)(2)(B)(i), not Rule 37(a), governs the motion to compel

---

[4] *See King v. Fidelity Nat'l Bank of Baton Rouge*, 712 F.2d 188, 191 (5th Cir.1983) (per curiam); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979).

[5] *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003).

[6] *King*, 712 F.2d at 191 (emphasis in original).

[7] *Compare Gen. Ins. Co. of Am. v. E. Consol. Utils., Inc*., 126 F.3d 215, 220 n. 3 (3d Cir.1997) ("[O]n its face, Rule 37(d) applies only to parties."); *Pennwalt Corp. v. Durand–Wayland, Inc*., 708 F.2d 492, 494 & n. 4 (9th Cir.1983) ("The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f). .... Similarly, Rule 37(d), which authorizes an award, is inapplicable because it addresses only a party's failure to appear at his own deposition."); *S.H. ex rel. Holt v. U.S.,* No. CIV. S–11–1963 LKK DAD, 2013 WL 6086775, at *5 (E.D. Cal. Nov.19, 2013) (Rule 37(d) "addresses the failure to appear for depositions of the party itself, and has nothing to do with expert depositions (or the depositions of any other non-party)."); *Bayer Schering Pharma AG v. Watson Pharms., Inc*., Nos. 2:07–CV–01472–KJD–GWF & 2:08–CV–00995–KJD–GWF, 2012 WL 1079574, at *12 (D. Nev. Mar.30, 2012) (""Defendants ask this Court to interpret the word 'party' in Rule 37(d) to include 'non-party.' . . .  Given the literal interpretation the Ninth Circuit gives to the term 'fails ... to appear' in Rule 37(d), it follows that a similarly strict construction of the term 'party' is appropriate under Ninth Circuit law."), *with In re Bear Stearns Cos., Inc. Secs., Derivative, and ERISA Litig*., 308 F.R.D. 113 (S.D.N.Y. June 5, 2015); *Taylor v. Hart*, No. 1:02–cv–446, 2007 WL 1959211, at *1–*2 (S.D. Ohio June 29, 2007); *24 Hour Fitness U.S.A., Inc. v. 24/7 Tribeca Fitness, L.L.C.,* No. 03 Civ. 4069(RLE), 2006 WL 1881763 (S.D.N.Y. July 6, 2006).

compliance with a subpoena because Rule 37(a) generally does not apply to motions to enforce a subpoena against a third party.[8]

Notably, Rule 45(d)(2)(B) addresses only objections to, and motions to compel compliance with, subpoenas commanding document productions or inspections; it does not expressly authorize a motion to compel a non-party's compliance with a subpoena's command to appear for a deposition.[9]  As Judge Roby explained in *James v. New Century Mortgage Corp.*, 2006 WL 8455942, *5 (E.D. La. May 15, 2006), the Federal Rules contemplate sanctions against a party for failure to attend a deposition, but the Rules do not explicitly contemplate sanctions against a non-party.  While courts have the power to sanction a non-party, courts are generally reluctant to do so.[10]  And although Rule 45(g) allows a court to hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it, as in *James*, Thonn's status as a then non-party and her timely motion to quash render sanctions inappropriate.

### B.  Thonn's Motion to Quash/Plaintiff's Motion to Compel

None of the reasons asserted in Thonn's Motion to Quash justify quashing the deposition.  Thonn cites none of the bases listed in Rule 45(d)(3).  Rather, she simply seeks to stay her deposition until the district judge rules on her pending Motion to Dismiss or to consolidate discovery in the federal and state court cases so that she is not deposed twice by the same parties in the parallel proceedings.  Indeed, she concedes several times in her filings and at oral argument that she should be deposed, but does not want to submit to duplicative depositions and/or desires that her motion to dismiss be decided before discovery proceeds in this matter.

---

[8] Because Rule 37(a) does not authorize a motion to prospectively compel a non-party to appear for a deposition, and because Thonn did not appear and fail to answer a question asked under Rule 30, there are no grounds for a motion under Rule 37(a) here.  *See, e.g.*, *MetroPCS v. Thomas*, 327 F.R.D. 600 (N.D. Tex. 2018).

[9] *See Traut v. Quantum Servicing, LLC*, No. 3:18-mc-14-D-BN, 2018 WL 1035134, at *8 (N.D. Tex. Feb. 23, 2018).

[10] *Id.* (citing *Natural Gas Pipeline Co. of Am. v Energy Gathering, Inc*., 2 F.3d 1397, 1411 (5th Cir. 1993) (noting the lack of clarity regarding whether the court's inherent power to sanction discovery abuses extends to abuses committed by non-parties but citing cases that have recognized the inherent power to sanction non-parties).

No federal or local rule, statute, or binding case law automatically stays discovery pending a ruling on a motion to dismiss.[11]  Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss:  "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."[12]  Indeed, a stay while dispositive motions are pending is the exception rather than the rule.[13]  And when the Court's discovery deadline is approaching, discovery must proceed.[14]

As a matter of federal procedure, a request to stay discovery is considered a motion for protective order under Fed. R. Civ. P. 26(c)(1)(A), (B).  As such, Thonn must establish good cause to support the issuance of a protective order, which requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[15]  Here, Thonn makes no particular and specific demonstration that going forward with discovery would be oppressive, unduly burdensome, or expensive.  Again, she concedes that the discovery must go forward but simply argues that she should not be deposed twice by the same parties (even though they have different counsel) in parallel state and federal proceedings.  The issues in the state court case, however, are represented to be more complicated and extensive than the coverage issue in

---

[11] *See, e.g., Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("motion to dismiss does not automatically stay discovery ... until the motion is resolved.") (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc*., No. 3:08-cv-774-L, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)). In fact, a stay of discovery pending resolution of a motion to dismiss is the exception rather than the rule." *Id.* (quotation omitted) (citing *Glazer's Wholesale Drug Co.*, 2008 WL 2930482, at *1).

[12] *Valenzuela v. Crest-Mex Corp*., No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

[13] *Notariano v. Tangipahoa Parish School Board,* 2018 WL 3844882 (E.D. La. Aug. 13, 2018); Griffin, 2015 WL 11019132, at *2 (staying discovery while a motion to dismiss is pending "is the exception rather than the rule.").

[14] *See, e.g., Egana v. Blair's Bail Bonds, Inc*., 2019 WL 8277616 (E.D. La. Jan. 23, 2019).

[15] *In re Terra Int'l, Inc*., 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ); *see also United States v. Talco Contractors, Inc*., 153 F.R.D. 501, 513 (W.D.N.Y. 1994) ("Good cause must be established and not merely alleged."). Thus, "[t]he Court does have discretion to stay discovery 'for good cause shown.'" *Escareno*, 2014 WL 1976867, at *1 (quoting Fed. R. Civ. P. 26(c)(1) ) (citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 436 (5th Cir. 1990)).   Given the court's "broad discretion to manage the conduct of discovery, ... [n]o categorical rule is appropriate; rather each case should be considered based on its unique facts and context." *Sai v. Dep't of Homeland Sec*., 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quotation and citations omitted).

this federal case.  Moreover, cases move more expeditiously in this court than in Civil District Court.  Accordingly, while the Court recommends that the attorneys behave professionally and stipulate to a single deposition for use in both actions, the Court cannot preclude Thonn's deposition in this case because she may be subject to a second deposition in the parallel state court case.[16]  The Court will, however, order that the deposition in this case address only those issues relevant to the coverage dispute and shall not extend to matters relevant only to the state court action.

## III.    CONCLUSION

The Court declines to sanction Thonn for her non-appearance at the deposition given her then-status as a non-party and the timely filed Motion to Quash.  But Thonn is now a party to this proceeding by virtue of her intervention (ECF Nos. 17 and 21), and as such, is subject to deposition under Rule 30.  Plaintiff may proceed with Thonn's deposition in this case.  That deposition, however, must be strictly limited to the issues relevant to the coverage dispute and shall not extend to matters relevant only to the claims and issues involved in the more extensive state court action.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Thonn's Motion to Quash (ECF No. 20) and Plaintiff's Motion to Compel (ECF No. 22) are DENIED IN PART AND GRANTED IN PART as stated herein.

IT IS FURTHER ORDERED that Plaintiff's Motion for Contempt is DENIED (ECF No. 22).

---

[16] *Am. Airlines, Inc. v. Travelport, Ltd.*, No. 4:11-CV-244-Y, 2012 WL 12884824, at *2 (N.D. Tex. Sept. 19, 2012) (noting the "unenviable position of having to defend itself against two lawsuits in two different Courts").

IT IS  FURTHER ORDERED that the Scheduling Order's August 7, 2020, discovery deadline (ECF No. 15) be extended until August 21, 2020, and the August 12, 2020 pretrial motion deadline be extended until August 19, 2020.

New Orleans, Louisiana, this \_\_\_\_\_6th\_\_\_\_\_ day of August, 2020.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE